## UNITED SETATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

**JUDY MONTONI,**                                )
**individually and on behalf of all others**     )
**similarly situated,**                          )
        **Plaintiff**            )
                                )
**v.**                                           )   **Civil No.**
                                )
                                )
**COHEN & ASSOCIATES, P.C., and**                )
**JEREMY M. COHEN,**                             )
        **Defendants**          )
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues under the Fair Debt Collection Practices Act, 15 U.S.C. §1692(a) *et seq.,* to recover damages due to Defendants' unlawful conduct in attempting to collect a consumer debt.

## Parties

1.  Plaintiff Judy Montoni is an individual who at all relevant times has resided in Lynn, Essex County, Massachusetts.

2.  At times relevant to this complaint defendant Cohen & Associates, P.C. was a duly organized and existing professional corporation having a principal places of business in Salem, Massachusetts.

3.  Defendant Jeremy M. Cohen is an individual who at times relevant to this complaint was an attorney engaged in the practice of law in Salem, Massachusetts, and who was the sole officer and shareholder of Cohen & Associates, P.C.

**Jurisdiction and Venue**

4.  Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

5.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**Statement of Facts**

6.  At times relevant to this complaint Defendants were "debt collectors" within the meaning of 15 U.S.C. §1692a(6) because they were engaged in a business the primary purposes of which was the collection of consumer debts, i.e., debts obtained primarily for personal, household, or family purposes, and because they regularly collected or attempted to collect consumer debts which were owed or asserted to be owed to another.

7.  Defendants sent Plaintiff a collection letter dated May 29, 2013, which was the first written communication from Defendants to Plaintiff regard an alleged debt owed to LVNV Funding LLC.

8.  Two portions of Defendants' letter give rise to the claims asserted in this lawsuit.  The first portion stated:

> A claim against you in the amount stated above has been placed in our hands for collection.  Demand is hereby made for payment of the balance.  If you would like to avoid the cost and expense of legal action, satisfactory arrangements for curing this debt must be made within 30 days.  Without your cooperation, we may file suit against you without further notice or demand.

The above-quoted language, by demanding payment of the alleged balance and stating that payment arrangements must be made within 30 days or legal action could be taken, overshadowed Plaintiff's debt validation rights as set forth in 15 U.S.C. §1692g(a).

9.   The second portion of Defendants' letter giving rise to claims asserted in this lawsuit

stated:

> Unless you notify us, within 30 days of receiving this notice,
> that you dispute any portion of this debt, the debt will be
> assumed to be valid.  If you do notify us, we will obtain
> verification of the debt and mail you a copy.  Upon your
> written request, we will send you the name and address of
> the original creditor.  Efforts to collect this debt will be
> suspended until we mail any required information.

The above-quoted language purported to constitute the validation rights notice required

by 15 U.S.C. §1692(a), but it failed to comply with the statutory requirements because it

(a) failed to state that Plaintiff could dispute the validity of the debt (as opposed to only a

portion of the debt); (b) failed to state that the debt must be disputed in writing; and (c)

failed to state that if Plaintiff timely disputed the debt (or any portion thereof) in writing

she would be provided with either verification of the debt or a copy of any relevant

judgment.

## COUNT I

10.   The allegations of paragraphs 1 – 9 are incorporated herein as if fully set forth.

11.   The language in Defendants' letter set forth in paragraph 8, above violated 15 U.S.C.

§1692g(a).

12.   Defendant Jeremy M. Cohen formulated, approved, and/or ratified said language.

13.   Plaintiff brings count I of this complaint on behalf of herself and a class of persons

similarly situated.  Class members are all persons to whom either defendant sent an initial

letter concerning a consumer debt within one year prior to the filing of this complaint,

which letter contained the language set forth in paragraph 8, above, and was not returned

or otherwise confirmed as undeliverable.  Excluded from each class are Defendants and

their current and former officers, directors, employees, and agents.  Plaintiff alleges that

Defendants' standard business practice entailed sending unlawful collection letters to

consumers, as described herein, and therefore Plaintiff further alleges that the members of

the class are sufficiently numerous such that joinder is impracticable.

14.  There are issues of law and fact common to the class, which issues predominate over

any questions particular to individual class members.  Common issues include whether

Defendants are debt collectors under the FDCPA and whether the subject letter violates

the FDCPA as alleged.

15.  Plaintiff's claim is typical in that it arises from the same unlawful conduct as the

claims of class members.  Plaintiff and class members seek, and are entitled to, similar

relief.

16.  Plaintiff will fairly and adequately represent the interests of class members.  Plaintiff

is committed to a thorough and vigorous prosecution of this action, and has selected

counsel with substantial experience in consumer class action litigation.  Neither Plaintiff

nor counsel have any conflicts which would interfere with the successful prosecution of

this case.

17.  A class action is manageable, and is also a superior method for resolving this

controversy since the claims all arise from a standard document and class members are

unlikely to file individual actions.

WHEREFORE, Plaintiff prays that this Honorable Court:

(i)      certify Plaintiff's claim pursuant to Fed. R. Civ. P. 23;

(ii)     appoint Plaintiff as class representative and the undersigned as class

counsel;

    (iii)     award Plaintiff and class members statutory damages against Defendants,

               jointly and severally;

    (iv)     award Plaintiff and class members costs and attorney's fees against

               Defendants, jointly and severally;

    (v)     award such further relief as shall be just and proper.

## COUNT II

18.  The allegations of paragraphs 1 – 9 are incorporated herein as if fully set forth.

19.  The language in Defendants' letter set forth in paragraph 9, above violated 15 U.S.C. §1692g(a).

20.  Defendant Jeremy M. Cohen formulated, approved, and/or ratified said language.

21.  Plaintiff brings count II of this complaint on behalf of herself and a class of persons similarly situated.  Class members are all persons to whom either defendant sent an initial letter concerning a consumer debt within one year prior to the filing of this complaint, which letter contained the language set forth in paragraph 9, above, and was not returned or otherwise confirmed as undeliverable.  Excluded from each class are Defendants and their current and former officers, directors, employees, and agents.  Plaintiff alleges that Defendants' standard business practice entailed sending unlawful collection leters to consumers, as described herein, and therefore Plaintiff further alleges that the members of the class are sufficiently numerous such that joinder is impracticable.

22.  There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members.  Common issues include whether

Defendants are debt collectors under the FDCPA and whether the subject letter violates the FDCPA as alleged.

23.  Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members.  Plaintiff and class members seek, and are entitled to, similar relief.

24.  Plaintiff will fairly and adequately represent the interests of class members.  Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation.  Neither Plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

25.  A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

WHEREFORE, Plaintiff prays that this Honorable Court:

(i)     certify Plaintiff's claim pursuant to Fed. R. Civ. P. 23;

(ii)    appoint Plaintiff as class representative and the undersigned as class counsel;

(iii)   award Plaintiff and class members statutory damages against Defendants, jointly and severally;

(iv)    award Plaintiff and class members costs and attorney's fees against Defendants, jointly and severally;

(v)     award such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**

JUDY MONTONI
By her attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
(617) 492-0522
kquat@quatlaw.com